UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMAP DIVISION

MICHELLE STERN

        Plaintiff,

v.                                              Case No.

WINDHAM PROFESSIONALS, INC.,

        Defendant.
_____/

**PETITION FOR REMOVAL WITH SUPPORTING MEMORANDUM OF LAW**

COMES NOW, the Defendant/Petitioner, WINDHAM PROFESSIONALS, INC, by and through its undersigned counsel, and respectfully petitions this Honorable Court for removal of the above-styled civil action from the County Court, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and state as follows:

1. Defendant/Petitioner, WINDHAM PROFESSIONALS, INC, has been named as a Defendant in a civil action brought against it in the County Court in and for Hillsborough County, Florida styled *"Michelle Stern v. Windham Professionals, Inc."*, Case No.: 08-35962. A copy of the Complaint served in that action, in addition to all process and pleadings served upon Defendant/Petitioner, is attached hereto as Composite Exhibit "A."

2. That the aforesaid action was filed with the Clerk of the Court in Hillsborough County on or about November 12, 2008 and service of process of said Summons and Complaint, served upon the Defendant/Petitioner, WINDHAM PROFESSIONALS, INC, on November 21, 2008.

1

3.  That the controversy herein between the Plaintiff and Defendant/Petitioner is a controversy based upon consumer protection rights created by and enforced through federal statute 15 U.S.C. Sec. 1692 *et seq.* entitled the Fair Debt Collection Practices Act (F.D.C.P.A.).

4.  That the above described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, §1331, and is one which may be removed to this Court by the Defendant/Petitioner pursuant to the provisions of Title 28, United States Code, §1441(a), in that it is a civil action based upon a federal question over which this Court has original jurisdiction.

5.  This Notice of Removal is filed with this Court within 30 days after service on Defendant/Petitioner of the Complaint in the above-styled action and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

## **MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION FOR REMOVAL**

### **Statement of the Case and Facts**

The instant suit is a civil action which includes a federal question, specifically, a claim that the Defendant/Petitioner violated Plaintiff's consumer protection rights under the Fair Debt Collection Practices Act. The original Complaint seeks an award of damages against this Defendant/Petitioner, for alleged violations of this federal consumer protection statute. Plaintiff alleges that he has sustained damages and seeks judgment for those damages against this Defendant/Petitioner.

### **Federal Court Jurisdiction**

This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331. Section 1331 states as follows:

"§1331. Federal question.

*The federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.*

The original Complaint herein raises a federal question and satisfies the jurisdictional requirements of 28 U.S.C. §1331. This Honorable Court therefore has original jurisdiction of this civil action.

## Removal

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. §1441 which states in pertinent part as follows:

> *"Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . "*

Given that this action is one over which the United States District Court for the Middle District of Florida would have original jurisdiction, this case may properly be removed by Defendant/Petitioner pursuant to 28 U.S.C. §1446(a) which provides:

> *"A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."*

In the instant suit, the Defendant/Petitioner has filed a Notice which complies with 28 U.S.C. §1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal.

### Timeliness of Removal

28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant/Petitioner, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. The original Complaint was filed with the Court on or about November 3, 2008 and served upon the Defendant/ Petitioner on November 12, 2008, and this Petition for Removal has been filed less than thirty (30) days from service of the original Complaint.

### Consent of Co-defendants

Undersigned counsel represents that no other co-Defendant has been listed or served as a party to this lawsuit and, with respect to this removal, and therefore no consent is necessary.

### Supplemental Jurisdiction

This Court has the discretion to exercise supplemental jurisdiction over any state law claims which have been asserted as part of the underlying action. 28 U.S.C. §1441(c) provides as follows:

> "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by §1331 of this Title, is joined within one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates."

Defendant/Petitioner would submit that Plaintiff has asserted a claim under state law based upon the same factual allegations which support the federal claim.

WHEREFORE, Defendant/Petitioner, WINDHAM PROFESSIONALS, INC, respectfully requests this Honorable Court enter its Order removing the entire case from the

County Court in and for Hillsborough County, Florida, to the United States District Court, Middle District of Florida, Tampa Division.

Respectfully submitted,

_____
ERNEST H. KOHLMYER, III
Florida Bar No. 0110108

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via facsimile and regular U.S. Mail to **James S. Giardina, Esquire**, The Consumer Rights Law Group, 3802 Bay to Bay Blvd., Suite 11, Tampa, Florida 33629, this __11th__ day of December, 2008.

_____
ERNEST H. KOHLMYER, III
Florida Bar No. 0110108
BELL, ROPER & KOHLMYER, P.A.
2707 East Jefferson Street
Orlando, Florida 32803
(407) 897-5150; (407) 897-3332 (fax)
Skohlmyer@bellroperlaw.com
Attorneys for Defendant